# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **NATIONAL INTERSTATE INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**FOUST FLEET SERVICES, LLC, et al.,**<br><br>Defendants.<br><br>---<br><br>**FOUST FLEET SERVICES, LLC,**<br><br>Counter-claimant,<br><br>v.<br><br>**CORPORATE CLAIM SERVICE, INC.,**<br><br>Counterclaim Defendant. | **Case No. 2:18-CV-2103-JAR-ADM** |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff National Interstate Insurance Company's ("NIIC") Motion to Dismiss Claims Against Corporate Claims Service, Inc. Without Prejudice (Doc. 94). Defendant Corporate Claim Service, Inc. ("CCS") objects to any dismissal without prejudice, arguing that it will suffer legal prejudice as a result of any such dismissal.

NIIC brought this declaratory judgment action against Foust Fleet Services, LLC ("Foust"), Tempa White, and Brandy Burda.[1] Foust then filed counterclaims against both NIIC

---
[1] Doc. 1.

and CCS for bad faith and breach of contract.² NIIC subsequently filed a crossclaim against CCS for breach of contract, contractual indemnity, noncontractual indemnity and contribution, and negligence.³ CCS has not asserted any claims or counterclaims in this action.

NIIC has settled its claims against Foust, White, and Burda, as well as Foust's counterclaims against NIIC, and those claims have been dismissed.⁴ Additionally, Foust has dismissed all its claims with prejudice, including its claims against CCS.⁵ Accordingly, the only claims that remain in this action are NIIC's crossclaims against CCS. For the reasons discussed below, the Court **grants** NIIC's motion to dismiss without prejudice.

**I.     Standard**

Rule 41(a)(2) controls voluntary dismissals and provides, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." "[A]bsent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal."⁶ "Prejudice does not arise simply because a second action has been or may be filed against the defendant."⁷ Courts consider "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation."⁸

---

² Doc. 30.

³ Doc. 50.

⁴ Doc. 101.

⁵ Doc. 98.

⁶ *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (citing *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)).

⁷ *Id*. at 1124.

⁸ *Id*. (citing *Ohlander*, 114 F.3d at 1537).

**II.     Analysis**

Defendant asserts three primary grounds for legal prejudice: (1) CCS is defending claims brought by Foust in this action, and if NIIC's claims are dismissed and then refiled, CCS will be forced to defend itself twice based on the same underlying facts; (2) this Court is familiar with the issues and any motion for summary judgment should be ruled on by this Court; and (3) CCS has already incurred significant efforts and expense, including three depositions, interviewing fact witnesses, and reviewing discovery. NIIC asserts that no legal prejudice exists based on these contentions, and further, NIIC stipulates that "should there be further litigation between CCS and [NIIC], all discovery exchanged among the parties in this action may be used in such later action, subject to the restrictions now in place on such material."[9] The Court considers CCS's arguments in turn.

As an initial matter, between the filing of CCS's Response and this Order, Foust has dismissed all of its claims in this action, including its claims against CCS, with prejudice.[10] Accordingly, to the extent CCS asserts that it will suffer legal prejudice by being forced to continue this lawsuit with Foust while facing a potential future lawsuit from NIIC, this assertion is now unavailing.

The Court is similarly unpersuaded by CCS's contention that it is entitled to a summary judgment ruling by this Court. The discovery deadline is August 30, 2019, the dispositive motion deadline is October 1, 2019, and no dispositive motions have been filed. As discussed above, "[p]rejudice does not arise simply because a second action has been or may be filed

---

[9] Doc. 95 at 3.
[10] Doc. 98.

3

against the defendant."[11] The fact that CCS may be required to defend a second action in another court before another judge does not amount to legal prejudice here.

Finally, the Court finds that NIIC's stipulation that CCS may utilize the discovery exchanged in this case in a future lawsuit sufficiently mitigates any duplicative efforts or expense that CCS may incur in the event of a second lawsuit by NIIC. The limited discovery that has been conducted will not be duplicative of any future discovery in another suit.

Under the Tenth Circuit's factors discussed above, the Court finds that dismissal without prejudice is warranted. NIIC's stipulation regarding discovery sufficiently accounts for the expense and effort expended by CCS, and there is no evidence of any delay or lack of diligence in pursuing this dismissal on behalf of NIIC.[12] NIIC has sufficiently explained its reasoning in seeking this dismissal—it has settled all other claims in this case and has an ongoing business relationship with CCS. And finally, this litigation is still in its relatively early stages as discovery is not yet complete and no dispositive motions have been filed.

**IT IS THEREFORE ORDERED BY THE COURT** that NIIC's Motion to Dismiss Claims Against Corporate Claims Service, Inc. Without Prejudice (Doc. 94) under Fed. R. Civ. P. 41(a)(2), subject to NIIC's stipulation in Doc. 95, is **granted**.

**IT IS SO ORDERED.**

Dated: August 7, 2019

                  S/ Julie A. Robinson
                  JULIE A. ROBINSON
                  CHIEF UNITED STATES DISTRICT JUDGE

---

[11] *Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005).

[12] Indeed, this motion was filed one week after NIIC first notified the Court of an anticipated settlement. Doc. 89.